United States District Court
Southern District of Texas
**ENTERED**
June 09, 2021
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT     SOUTHERN DISTRICT OF TEXAS

| | | |
|---|---|---|
| Frances Guzman, | § § | |
| Plaintiff, | § § | |
| versus | § § | Civil Action H-20-962 |
| Andrew Saul, Commissioner of the Social Security Administration, | § § § § § | |
| Defendant. | § | |

## Opinion on Summary Judgment

1. *Introduction.*

    The question in this action is whether substantial evidence supports the commissioner's decision that Frances Guzman is not disabled under the terms of the Social Security Act. It does.

    Guzman brought this action for judicial review of the commissioner's final decision denying her claim of supplemental security income. 42 U.S.C. §§ 405(g), 416(i) and 423. Both sides have moved for summary judgment.

2. *Standard of Review.*

    Judicial review is limited to determining whether there is substantial evidence in the record as a whole to support the commissioner's decision. *See Richardson v. Perales*, 402 U.S. 389 (1971). In cases of administrative-agency decisions like this, the function of judicial review is to ensure that the bureau employed an essentially fair process, invalidating not those decisions with which the court might disagree, but those decisions where governmental regularity has lapsed into an exercise of mere will.

A decision unsupported by substantial evidence must fail. Substantial evidence means a level of proof that a reasonable mind might accept as adequate support of a conclusion. This court may not independently weigh the evidence, try issues afresh, or substitute its judgment for that of the secretary. *See Jones v. Heckler*, 702 F.2d 616 (5th Cir. 1983).

3. *The Statutory Criteria.*

The statutory social security regulations prescribe a five-step process to evaluate whether an individual is disabled. First, the reviewing officer must determine whether the claimant was participating in substantially gainful activity. Second, the claimant must have a medically determinable impairment that is severe or a combination of impairments that are severe. Third, the severity of the claimant's impairments must equal the criteria of an impairment listed in 20 CFR. Paragraph B of this section stipulates that mental impairments must result in at least one extreme or two marked limitations in broad areas of functioning which are (a) understanding, remembering, or applying information; (b) interacting with others; (c) concentrating, persisting, or maintaining pace; and, (d) adapting or managing themselves. Fourth, the reviewing officer determines the claimant's residual functional capacity to perform requirements of her past relevant work. Fifth, the claimant's ability to do other work must be evaluated based on her residual functional capacity, age, education, and work experience. 20 C.F.R. §§ 404.1520(a)(4).

4. *Background.*

On April 10, 2017, Guzman applied for supplemental security income, claiming anemia, headaches, leg pain, back pain, hip pain, heart spasms, and mental health problems. Her claim was denied on September 11, 2017, and denied on reconsideration on November 29, 2017. On December 8, 2017, Guzman filed a written request for a hearing. After the hearing on November 16, 2018, an officer denied Guzman disability benefits.

5.  *Application.*

The officer adhered to a five-step process and properly found that Guzman is not disabled.

A.  *Step One.*

Guzman has not engaged in substantial gainful activity since April 10, 2017, the application date.

B.  *Step Two.*

The officer identified general anxiety disorder, personality disorder, and impulse control disorder as severe impairments. Post-traumatic stress disorder was not supported by the medical record.

The officer found no evidence of consistent limitations due to anemia and headaches. Guzman's anemia did not limit her functioning for 12 consecutive months, and she did not seek care for it for several months. She did not consistently take iron supplements, which indicated her symptoms were not significantly affecting her.

The officer found that Guzman's claims of leg pain, back pain, hip pain, and heart spasms did not have a physiological basis.

Guzman offered the opinions of Doctor James Hodges, Maggie Chlebana, and Doctor Anita Shankar in her defense. The officer found that all three of their medical opinions unpersuasive. Doctor Hodges's opinion was inconsistent with the record, and he was not a mental health expert. Chlebana's opinion was mostly based on Guzman's subjective complaints. Doctor Shankar's opinion was also based on Guzman's subjective complaints and the corresponding treatments did not reflect the severity of the symptoms.

C.  *Step Three.*

Guzman does not have an impairment or combination of impairments that meet the severity of a listed impairment under 20 CFR. Substantial evidence in the record supports the determination that Guzman's general anxiety disorder, personality disorder, and impulse control disorder cause no more than a moderate limitation in her

ability to work. Guzman can perform commands written on paper and recall three objects after delay; she also can recall four digits forward and two digits in reverse. Although, she said that she is very uncomfortable in public, she could still shop for groceries, see her therapist, and attend medical appointments alone. Guzman was attentive during the examination, but she had difficulty orally performing sequential subtraction tasks. She was able to spell certain words in reverse. Guzman also able to do normal activities like driving her kids to school, cook, and use the telephone.

D. *Step Four.*

The officer found that Guzman has a residual functioning capacity to perform a full range of work at all exertional levels she but has some non-exertional limitations: simple repetition of one to three step tasks, no more than occasional interactions with co-workers and the public, the work should be at a non-forced pace, and no more than occasional changes in work setting. These limitations are consistent with the objective medical evidence.

The medical experts found that Guzman suffered from general anxiety disorder, but that no evidence supports a meeting or equaling of a listed impairment. They testified that Guzman's treatment did not match her clinical presentations and some of her symptoms were exaggerated. They opined that Guzman is limited to work on simple routine tasks with little interaction.

E. *Step Five.*

The vocational expert testified that Guzman had no past relevant work but could work in positions consistent with her non-exertional limitations. Based on her residual functioning capacity, the vocational expert testified Guzman could work as a laundry worker, retail stocker, or office cleaner.

6. *Conclusion.*

The decision of the commissioner denying Guzman's claim for supplemental security income is supported by substantial evidence and will be affirmed.

Signed on June 9, 2021, at Houston, Texas.

						Lynn N. Hughes
						United States District Judge